Matter of Giesele T. (Zahra A.) (2025 NY Slip Op 06065)

Matter of Giesele T. (Zahra A.)

2025 NY Slip Op 06065

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-04218
 (Docket No. N-12097-22)

[*1]In the Matter of Giesele T. (Anonymous). Administration for Children's Services, respondent;
and
Zahra A. (Anonymous), appellant. Geoffrey E. Chanin, Goshen, NY, for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jamison Davies and Amanda Abata of counsel), for respondent.
Twyla Carter, New York, NY (Dawne Mitchell and Susan Clement of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated April 15, 2024. The order of disposition, upon an order of fact-finding of the same court dated January 19, 2024, made after a fact-finding hearing, finding that the mother neglected the subject child, and after a dispositional hearing, inter alia, released the child to the custody of the nonrespondent father.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
In July 2022, the petitioner, Administration for Children's Services (hereinafter ACS), commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected her then two-year-old child in that the mother suffered from a mental illness that impaired her ability to care for the child and the mother failed to provide the child with adequate shelter. ACS conducted an emergency removal of the child on June 30, 2022, and placed the child in the care of the nonrespondent father. Following a fact-finding hearing, the Family Court found that the mother neglected the child. After a dispositional hearing, the court issued an order of disposition dated April 15, 2024, which, inter alia, released the child to the father's custody. The mother appeals.
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing by a preponderance of evidence that the subject child has been abused or neglected" (Matter of Wynter V. [Felitta V.], 230 AD3d 505, 506 [internal quotation marks omitted]; see Family Ct Act §§ 1012[f][i]; 1046[b][i]). "Even though evidence of a parent's mental illness, alone, is insufficient to support a finding of neglect of a child, such evidence may be part of a neglect determination when the proof further demonstrates that the parent's condition creates an imminent risk of physical, mental, or emotional harm to the child" (Matter of Wynter V. [Felitta V.], 230 AD3d at 506 [internal quotation marks omitted]; see Matter of Maurice M. [Suzanne H.], 158 AD3d 689, 690-691).
Here, ACS established by a preponderance of the evidence that the mother neglected the child. The evidence presented at the fact-finding hearing demonstrated that the mother's untreated mental illness caused the child to be placed at imminent risk of harm (see Matter of Kamani K.L. [Jasmine D.Q.], 239 AD3d 980, 981; Matter of Wynter V. [Felitta V.], 230 AD3d at 506). Moreover, the evidence adduced at the fact-finding hearing established that the mother maintained the child's home in a deplorable, unsanitary, and dangerous condition in that there were no child guards on the windows, there were no smoke alarms, and there was only moldy food in the premises (see Matter of Nicholas M. [Lisa B.], 233 AD3d 874, 875; Matter of Stephen L. [Patrick S.L.], 161 AD3d 1155, 1156).
The mother's contentions concerning the emergency removal of the child and the child's placement in the father's care in June 2022 have been rendered academic in light of the order of disposition (see Matter of Lamech B.-I. v Pauline R., 240 AD3d 588, 589; Matter of Stephen L. [Patrick S.L.], 161 AD3d at 1156).
The mother's contention that the Family Court should not have released the child to the father's custody after the dispositional hearing is without merit. The evidence presented at the dispositional hearing supports the court's determination that it was in the child's best interests to continue the child's placement in the father's custody (see Matter of Devon Defonte B.-S. [Christine B.], 73 AD3d 1037, 1037).
The parties' remaining contentions are either without merit or not properly before this Court.
DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court